IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.     03-cv-00146-RPM

JAMES F. KEARNEY,

        Plaintiff,

v.

POLICE PROTECTIVE ASSOCIATION OF THE CITY AND COUNTY OF DENVER,

        Defendant.
_____

ORDER DENYING MOTION FOR SANCTIONS
_____

      This civil action was initiated by a complaint filed on January 23, 2003, naming 36 defendants in five claims for relief.  The first and second claims for relief were brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § § 1961-68.  The third, fourth and sixth claims for relief were based on Colorado law for which this Court was asked to exercise supplemental jurisdiction under 28 U.S.C. § 1367.  The Police Protection Association of the City and County of Denver ("PPA") was among the defendants named in those claims.  It and the other defendants filed motions to dismiss under Fed.R.Civ.P. 12(b)(6) which this Court granted as to the RICO claims for the insufficiency of the allegations of fact, assuming their truth.  The PPA filed a motion for sanctions pursuant to Fed.R.Civ.P. 11 on October 29, 2003.

      This Court granted the motion to dismiss in a written order on September 21, 2004, which included the dismissal of the state law claims without prejudice for lack of

jurisdiction under Fed.R.Civ.P. 12(b)(1).  On the same date, this Court denied the motion for sanctions, because of the difficulty in separating the state law claims from the insufficient RICO claims because they were based on the same factual allegations. The PPA appealed that order and the plaintiff appealed the order of dismissal.

The Tenth Circuit Court of Appeals affirmed the dismissal of the RICO claims by an order and judgment on September 22, 2006, but reversed and remanded the order denying the motion for sanctions, instructing this Court to reconsider that motion in light of *Dodd Insurance Services, Inc. v. Royal Insurance Company of America,* 935 F.2d 1152 (10th Cir. 1991).

Pursuant to that mandate, this Court has reviewed the pleadings in this case. The PPA motion asserts that the plaintiff and his counsel could have no reasonable basis for believing that the factual allegations could be proven.  This Court has no evidentiary record which would permit it to reach that determination.  The dismissal of the federal claims was based on an analysis of the pleading requirements under RICO, particularly with respect to the need for showing the existence of an enterprise different from the pattern of racketeering activity.  The Court of Appeals discussed that issue at some length and agreed with this Court.  The attempt to bring the RICO claims based on the allegations of the scheme to cover up illegal conduct by Denver police officers and to intimidate the plaintiff through a "slap suit" cannot be said to be frivolous.  It is notable that the PPA is the only defendant seeking sanctions.

Additionally, the Tenth Circuit Court of Appeals in the *Dodd* case instructed that where the action involved both frivolous and non-frivolous claims, in awarding

sanctions the Court must emphasize the deterrence purpose of Rule 11 and the amount of the sanctions to be imposed must be limited to the least amount necessary for that purpose.  In this case, this Court is unable to say that the attempt to join RICO claims with the state law claims and bring this action into this court was conduct that should be deterred by the imposition of a sanction of awarding some level of attorneys' fees to the PPA for seeking dismissal.  Accordingly, having found that the assertion of the RICO claims was not frivolous and that any sanction to be imposed for that attempt could not include the fees necessary to respond to the entirety of the complaint as was done in the subject motion to dismiss, it is

ORDERED that the motion for sanctions filed by the PPA is denied.

DATED: February 23rd, 2007.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge